```
                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


FOSTER WHEELER ENVIRONMENTAL    :
     CORPORATION                :   NO. 1:02-CV-00084
                                :
          Plaintiff,            :
                                :   ORDER
                                :
     v.                         :
                                :
                                :
FLUOR FERNALD, INC.,            :
                                :
                                :
          Defendant.            :
```

On October 2, 2003, the Court held a settlement conference in the instant case. During this conference, the parties indicated that they enjoyed a forty-five day window of opportunity in which to achieve settlement of all claims. The parties are hereby ORDERED to notify the Court in writing by November 24, 2003 whether their settlement efforts were successful.

In the event that the parties' efforts at settlement ultimately prove unsuccessful, the Court desires to ensure that there will be no further delay in resolution of the instant case. Accordingly, the schedule established in this Court's Preliminary Pretrial Order of May 20, 2002 (doc. 12) is VACATED, and this matter will proceed to trial as follows:

      A.    Any dispositive motions will be filed by March 1, 2004. Motions must be filed by this date, and any motions filed after this date may be subject to a motion to strike. Parties are referred to Local Rule 7.2, which restricts letters to the Court. Correspondence with the Court should be by motion,

      except as expressly permitted by the Rule.

B. Discovery will be completed by March 1, 2004. All matters relating to discovery will be referred to the United States Magistrate Judge to whom the case has been assigned.

C. Plaintiff must disclose all expert witnesses and associated expert reports and disclosures required by Fed. R. Civ. P. 26 by December 15, 2003.

D. Defendant must disclose all expert witnesses and associated expert reports and disclosures required by Fed. R. Civ. P. 26 by January 15, 2004.

E. A final pretrial conference has been tentatively scheduled for April 28, 2004 at 3:00 p.m.

F. This action is designated as one for summary jury trial proceedings to be conducted by the Court on June 8, 2004. The length of this proceeding will be determined at the final pretrial conference.

    1. If the parties jointly request that a detailed jury questionnaire be sent to prospective jurors and the results made available to counsel prior to the summary jury trial, they shall submit an agreed-upon proposed jury questionnaire to the Court for its review and approval at the final pretrial conference.

    2. Two weeks prior to the summary jury trial, Plaintiff's counsel will provide defense counsel with itemization of the documents, witness depositions, interrogatories, requests for admissions, and affidavits they intend to refer to in the summary jury proceedings. One week before trial, defense counsel will provide Plaintiff's counsel with like itemization. The parties shall identify with specificity the portions of such evidence upon which they plan to rely.

    3. Prior to the summary jury trial, counsel shall confer concerning physical exhibits, including documents and reports, and reach such agreement as is possible as to the use of such exhibits.

4. This action shall be heard before a six-member jury. Counsel for Plaintiff and counsel for Defendant will be permitted two challenges each to the venire, and they will be assisted in the exercise of such challenges by a brief _voir_ _dire_ examination to be conducted by the Court and by juror profile forms. There will be no alternate jurors.

5. Unless excused by Order of the Court, individual clients shall be in attendance at the summary jury trial. Corporate clients shall be represented at the summary jury trial by a top echelon officer or by someone with immediate access to the corporate decision-making mechanism.

6. Counsel will make brief opening statements indicating what they expect the evidence to show.

7. Following opening statements, all evidence shall be presented through attorneys for the parties. Both Plaintiff's counsel and defense counsel will be afforded an opportunity to present an entirely descriptive summary of the evidence. During such descriptive summaries, counsel may summarize and present the evidence and may summarize or quote directly from depositions, interrogatories, requests for admissions, documentary evidence, and sworn statements of potential witnesses. However, no witness testimony may be mentioned unless the reference is based upon one of the products of the various discovery procedures; upon a written, sworn statement of the witness; or upon sworn affidavit of counsel that the witness would be called at trial and will not sign an affidavit and that counsel has been told the substance of the witness' proposed testimony by the witness. Furthermore, it should be understood that counsel will not be permitted to characterize or interpret the evidence during this phase of the summary proceedings.

8. Following the descriptive summaries of the

       evidence by both sides, each side will have the opportunity to present closing arguments. At this point counsel may characterize the evidence and proffer inferences that they feel flow from the evidence.

    9.   Objections will be entertained if, in the course of a presentation, counsel exceeds the limits of propriety in presenting statements as to evidence or argument thereon.

    10.   After counsels' closing arguments, the jury will be given an abbreviated charge on the applicable law.

    11.   The jury may return either a consensus verdict or a special verdict consisting of an anonymous statement of each juror's findings on liability and damages (each known as the jury's advisory opinion). The jury will be asked to consider the issue of damages regardless of its findings on liability. The jury will be encouraged to return a consensus verdict. The jury findings will not be admissible as evidence should this case proceed to trial.

    12.   No statements of counsel or of any parties during the cause of the summary jury trial will be construed as judicial admissions.

    13.   Unless specifically ordered by the Court, the proceedings will not be recorded. Counsel may, if so desired, arrange for a court reporter.

    14.   Counsel may stipulate that a consensus verdict by the jury will be deemed a final determination on the merits and that judgment be entered thereon by the Court, or they may stipulate to any other use of the verdict that will aid in the resolution of the case.

G.   If the matter is not otherwise disposed of, trial of this case on the merits will proceed approximately four weeks after the conclusion of the summary jury trial in this case.

```
        SO ORDERED.


Dated: October 14, 2003          /s/ S. Arthur Spiegel
                                 ───────────────────────
                                 S. Arthur Spiegel
                                 United States Senior District Judge
```