IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| FOSTER WHEELER ENVIRONMENTAL CORPORATION | § § § | CIVIL ACTION NO. C-1-02-CV-084 |
| V. | § § § | JURY TRIAL DEMANDED |
| FLUOR FERNALD, INC., formerly FLUOR DANIEL FERNALD, INC. | § § | JUDGE SPIEGEL |

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

The parties have acknowledged that during the course of this litigation that certain matters may be produced which are or may raise issues related to the rights of privacy, trade secrets or confidentiality. The parties have therefore respectfully requested that this Agreed Confidentiality and Protective Order (the "Order") be entered by this Court. Based upon the request of the parties and the facts presented, the Court hereby finds that good cause exists for the entry of this Order. Therefore

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definition of Confidential Information**

The term "Confidential Information" or "Confidential Documents" shall include the following categories of documents:

    a.    Personnel records; and

    b.    Training records including the PM 200 and PM 300 training manuals.

These documents are to be deemed "Confidential Documents" without the necessity of any further stamping or labeling of the documents.

2. **Treatment of Confidential Information and Persons Entitled to Access**

All Confidential Documents, testimony, and information shall not be used by or

disclosed to any person other than Qualified Persons as defined below, and then only for the purposes of this proceeding, except by written agreement of the party producing the document. The term "Qualified Persons" as used herein means the Court, any party to this proceeding, former employees of any party to this proceeding, outside counsel and in-house counsel for the parties, and third parties retained by any party to this proceeding or by its counsel as consulting experts or expert witnesses, employees of the Department of Energy and current or former employees of any subcontractor who performed work on the Silos 1 and 2 Accelerated Waste Retrieval Project. "Qualified Persons" shall include employees of Qualified Persons whose access to Confidential Documents is necessary for purposes of preparation, prehearing discovery, and the hearing, and performing duties in relation to this proceeding.

The Confidential Documents produced herein shall not lose their confidential nature simply because they are designated as exhibits to a witness statement, deposition or used during the trial of this case.

The inadvertent disclosure of any of the Confidential Documents or the information contained in those documents shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

If a nonparty demands, by subpoena or other legal process, that any party which has received any Confidential Documents or counsel for such party produce such information, counsel for any such party shall (a) immediately notify in writing counsel for the producing party and (b) assert this Order as a defense to such demand.

3. <u>Return or Destruction of Confidential Documents</u>

Upon written request by the producing party after 90 days from the conclusion of this proceeding, all Confidential Documents (other than trial exhibits and attorney work product such as briefs and memoranda), shall be returned to the party or parties who produced such information unless the Court orders otherwise. The provisions of this Order shall continue to be effective after the conclusion of this proceeding, including any challenges to the verdict rendered herein.

4. <u>Agreement of Qualified Persons To Be Bound By This Order</u>

Any party (or party's attorney) designating any person as a Qualified Person or disclosing any Confidential Documents to a Qualified Person shall obtain the agreement of such person to observe the terms of this Order. Each Qualified Person described in subparagraph 2 above to whom a Confidential Document is to be disclosed shall, *prior to* receiving such disclosure, be furnished with a copy of this Order and shall execute a written statement to the effect that such person has read and understands its provisions and agrees to be bound thereby.

SIGNED this 6th day of Jan., 2004.

*All of the foregoing is subject to the further Order of the Court*

S. Arthur Spiegel
United States Senior District Judge

AGREED:

COATS, ROSE, YALE, RYMAN &
LEE, P.C.

By: _William Coats w/p BWC_
William M. Coats
Bradley W. Cole
800 First City Tower
1001 Fannin Street
Houston, Texas 77002-6707
(713) 651-0111
(713) 651-0220 - Fax

ATTORNEYS FOR PLAINTIFF,
FOSTER WHEELER ENVIRONMENTAL
CORPORATION

VORYS, SATER, SEYMOUR AND PEASE, L.L.P.

By: _W. Breck Weigel w/p BWC_
Glenn V. Whitaker    (0018169)
W. Breck Weigel    (0030160)
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202
(513) 723-4000
(513) 852-8448 - Fax

ATTORNEYS FOR DEFENDANT,
FLUOR FERNALD, INC.